IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

CODY RABALAIS, WISCONSIN
DEPARTMENT OF HEALTH SERVICES
and TRAVELERS CASUALTY & SURETY
COMPANY,

      Plaintiffs,      OPINION AND ORDER

  v.            14-cv-643-wmc

DOMTAR A.W. LLC,

      Defendant.
---

  In this civil action, plaintiff Cody Rabalais seeks damages for injuries he suffered when a ladder at his workplace broke during use. Defendant Domtar A.W. LLC ("Domtar") removed the case from the Circuit Court of Wood County pursuant to 28 U.S.C. § 1441(b), alleging that this court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal (dkt. #1).) Because the allegations in the notice of removal are insufficient to determine if this is so, Domtar will be given an opportunity to file an amended notice of removal containing the necessary factual allegations to establish diversity jurisdiction.[1]

---

[1] The court is especially disappointed to note the number and variety of pleading deficiencies here, since this is now the second time defendant's law firm has had to be reminded of the proper standard for establishing complete diversity. *See Batten v. Solid Carbon Prods., LLC*, No. 12-cv-211-wmc, dkt. #14. While otherwise uncharacteristic, this law firm is, therefore, strongly encouraged to ensure that going forward all lawyers practicing before this and other federal courts are educated on the requirements for properly pleading subject matter jurisdiction, especially in diversity cases.

1

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendant contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Notice of Removal (dkt. #1) ¶¶ 3-7.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, defendant's allegations as to the parties in this suit preclude the court from determining whether complete diversity exists.

First, defendant alleges that plaintiff Cody Rabalais "resides in Palmetto, Louisiana." (Notice of Removal (dkt. #1) ¶ 3.) "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Second, defendant alleges that it is "a foreign corporation incorporated in the State of Delaware and with its principal place of business in Fort Mill, South Carolina and Montreal, Canada." (Notice of Removal (dkt. #1) ¶ 4.) As the Seventh Circuit has repeatedly instructed, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company like Domtar. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009). "The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Third, defendant has not alleged anything with respect to the citizenship of either involuntary plaintiff. Both the Wisconsin Department of Health Services and Travelers Casualty & Surety Company are alleged in the complaint to have a possible subrogation interest for medical bills paid. (*See* Compl. (dkt. #1-1) ¶¶ 2-3.) "The Supreme Court has determined that an insurer-subrogee qualifies as . . . a real party in interest," whose citizenship may affect diversity. *Bosse v. Pitts*, 455 F. Supp. 2d 868, 873 (W.D. Wis. 2006) (citing *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380 (1949)). Thus, defendant must either properly plead both involuntary plaintiffs' citizenship or explain why their citizenship is irrelevant for diversity jurisdiction purposes.

Before dismissing this action for lack of subject matter jurisdiction, Domtar will be given leave to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by alleging the domicile of plaintiff Rabalais; the names and citizenship of each of Domtar's members; and the citizenship of each involuntary

plaintiff (or explains why their citizenship does not affect diversity). In alleging the LLC's citizenship in particular, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until November 20, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 6th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge